IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUKE ALEXANDER PRINDABLE, #462931, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:21-cv-00827-SMY ) |
| ST. CLAIR COUNTY, C/O WILSON, C/O SIMS, RICHARD WATSON, CITY OF BELLEVILLE, ILLINOIS, STATE OF ILLINOIS, and JOHN DOE, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Luke Alexander Prindable filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging deprivations of his constitutional rights at the St. Clair County Jail.[1] This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff received mail from the United States District Court on July 6, 2021. There was a total of 8 envelopes dated from May 21, 2021 to July 3, 2021. He told Officer Becker there was an issue with his "legal mail"

---

[1] Plaintiff used a civil rights complaint form and also marked the box for Federal Tort Claims Act ("FTCA"), which provides for jurisdiction in this court for actions against the United States for torts committed by federal officials. *See* 28 U.S.C. §§ 1346, 2671-2680. Because Plaintiff asserts claims arising out of his detention in a county jail, the FTCA is not applicable.

being withheld. He wrote "received 7.6.2021" on the envelopes and asked Officer Becker to sign and date it as a witness but Officer Becker did not want to sign the envelopes. He then filled out a complaint form and Officer Becker agreed to sign it as a witness.

Legal mail that Plaintiff sent out in July was returned to him on July 9, 2021. There was a sticker on it that stated "return to sender, unable to forward" even though the correct address was on it. Plaintiff did not open the envelope but believes it contains a letter to the court asking to be sent to the hospital.

Plaintiff is having a medical crisis and is enduring pain and suffering because of issues of neglect, malpractice, and deliberate indifference and has pending civil rights cases on these issues. The delay in mail is affecting his efforts to obtain medical care because he has requested relief from federal court in the form of proper medical care.

Plaintiff's injuries are interfering with his daily activities. Dr. Marcowitz has not provided proper treatment or referred him to a specialist for his medical issues. Also, he has been unable to communicate his medical needs to staff from "isolated confinement."

## Discussion

As an initial matter, the State of Illinois is not a proper defendant. This is because "a state and its agencies are not suable 'persons' within the meaning of section 1983." *Thomas v. Ill.,* 697 F. 3d 612, 613 (7th Cir. 2012). As such, the State of Illinois will be dismissed with prejudice.

To survive preliminary review under Section 1915A, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Plaintiff is required to associate specific defendants with specific claims, so that Defendants are put on notice of the claims brought against

them and so they can properly answer the Complaint. *Id.* at 555.  Further, because Plaintiff brings his claims under §1983, he must allege that each Defendant was personally involved in the deprivation of a constitutional right.  *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation").  Invoking a potential Defendant's name by listing that Defendant in the case caption is not enough to state a claim.  *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Here, Plaintiff does not mention any Defendant by name in his statement of claim or describe what each Defendant did or failed to do to violate his constitutional rights.  The only individuals referenced in the statement of claim– Officer Becker and Dr. Marcowitz – are not named Defendants.  Because Plaintiff fails to allege specific acts of wrongdoing by the individual Defendants, the Complaint fails to state a claim for relief.  Accordingly, the Complaint will be dismissed and Plaintiff will be given an opportunity to re-plead his claims.

## Disposition

The State of Illinois is **DISMISSED with prejudice** and the Clerk of Court is **DIRECTED** to **TERMINATE** it as a party.

Plaintiff's Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.  Plaintiff is **GRANTED** leave to file a First Amended Complaint by **OCTOBER 18, 2021**.  The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District.  He should label the form "First Amended Complaint" and use the case number for this action (No. 21-827).  Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each

defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. He must describe each Doe Defendant, when he encountered each Doe Defendant, and the circumstances of the encounter. He is required to identify the Doe Defendants as much as possible and at least distinguish between different Does. (For example, John Doe # 1 did X and John Doe # 2 did Y.). To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint. Instead, the First Amended Complaint must stand on its own, without reference to any previous pleading.

**If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims.** *See* Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes

the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  September 16, 2021

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**